IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3199-D

BRYANT LAMONT HARRIS,                    )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )            **ORDER**
                                         )
MERRICK GARLAND, et al.,                 )
                                         )
            Defendants.                  )

On August 20, 2024, Bryant Lamont Harris ("Harris" or "plaintiff"), proceeding pro se, filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. On May 21, 2025, the court conducted a frivolity review of the complaint and dismissed without prejudice the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) [D.E. 8]. On the same date, the clerk entered judgment [D.E. 9]. On April 29, 2026, Harris filed an affidavit [D.E. 11].

The court construes Harris's affidavit as a motion for reconsideration and has considered the motion under the governing standard.[1] See Fed. R. Civ. P. 60(b); BLOM Bank SAL v. Honickman, 605 U.S. 204, 210 (2025); Allen v. Stein, 165 F.4th 272, 288–89 (4th Cir. 2026);

---

[1] The court does not analyze the motion under Federal Rule of Civil Procedure 59(e) because it is untimely under that rule. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); see Aikens, 652 F.3d at 501. Thus, June 18, 2025, was Harris's deadline to file a motion under Rule 59(e). See, e.g., Fed. R. Civ. P. 6(a) (explaining computation of time); Bolden v. McCabe, Weisberg & Conway, LLC, No. 13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014) (unpublished), aff'd, 584 F. App'x 68 (4th Cir. 2014) (per curiam) (unpublished). Harris signed his affidavit on April 22, 2026. See [D.E. 11] 10. The court cannot extend the time for filing the motion. See Fed. R. Civ. P. 6(b)(2); Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001).

Aikens v. Ingram, 652 F.3d 496, 500–01 & n.3 (4th Cir. 2011) (en banc); Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). Harris fails to establish a meritorious claim or defense. Even if Harris established a meritorious claim or defense, he fails to establish exceptional circumstances. Thus, Harris fails to meet Rule 60(b)'s requirements.

In sum, the court DENIES plaintiff's motion for reconsideration [D.E. 11]. The court DIRECTS the clerk to not accept any further filings in this case other than a notice of appeal.

SO ORDERED. This 6 day of May, 2026.

JAMES C. DEVER III
United States District Judge

2